**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLINT COOPER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1005** |
| **HYDRIL USA DISTRIBUTION, LLC, ET AL.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Defendant QGOG Constellation US LLC ("Defendant").[1] Plaintiff Clint Cooper ("Plaintiff") did not file an opposition to the motion. Accordingly, the Court considers Defendant's statement of uncontested facts to be admitted pursuant to LR 56.2. Although the dispositive motion is unopposed, summary judgment is not automatic, and the Court must determine whether Defendant has shown entitlement to judgment as a matter of law.[2]

## FACTUAL BACKGROUND

This case arises out of injuries allegedly suffered by Plaintiff while working as a seaman aboard the LONE STAR vessel.[3] In his complaint, Plaintiff alleges that much of the crew working on board the LONE STAR were employed or under the control of Defendant.[4] Plaintiff alleges that Defendant's negligent failure to properly train and supervise the employees working aboard the vessel contributed to his injuries.[5] However, Defendant argues it played no role in the operation of the LONE STAR.[6] Defendant argues

---

[1] R. Doc. 22.
[2] *See, e.g., Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); Fed. R. P. 56(a).
[3] R. Doc. 1 at ¶ 9.
[4] *Id.*
[5] *Id.*
[6] R. Doc. 22-1 at p. 3.

its business activities consist of identifying new potential contractors and vendors in the United States that may be eligible to do work for its parent companies, Constellation Services Ltd. and Constellation Oil Services Holding S.A.[7] Defendant argues its work is limited to commercial and marketing services, not technical or operational services related to any vessel.[8]

The following facts are undisputed. Defendant is a Texas limited liability company registered and in good standing with the State of Texas.[9] Defendant's only employee is Mr. Seung Han Ryoo.[10] Mr. Ryoo has never been on board the LONE STAR.[11] Defendant does not own the LONE STAR and does not, and did not at the time of Plaintiff's alleged accident, operate the LONE STAR.[12] Plaintiff performed his work on board the LONE STAR pursuant to a contract between his employer, Hydril USA Distrubtion LLC ("Hydril") and Lone Star Offshore, Ltd;[13] Defendant did not enter into a contract with Hydril at any time.[14]

## LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] "An issue is material if its resolution could affect the outcome of the action."[16] When assessing whether a material factual dispute exists, the Court considers "all of the

---

[7] *Id.* at p. 2. Neither Plaintiff nor Defendant explain the Constellation affiliates' role in the operation of the LONE STAR.
[8] *Id.*
[9] R. Doc. 22-2 at ¶ ¶ 1, 2.
[10] *Id.* at ¶ 4.
[11] *Id.* at ¶ 7.
[12] *Id.* at ¶ ¶ 8-9.
[13] *Id.* at ¶ 11.
[14] *Id.* at ¶ 10.
[15] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[16] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[17] All reasonable inferences are drawn in favor of the nonmoving party.[18] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[19]

If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[20] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[21]

On the other hand, if the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[22] When proceeding under the

---

[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

[18] *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal citations omitted).

[19] *Smith v. Amedisys Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

[20] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

[21] *Celotex*, 477 U.S. at 322-24.

[22] *Id.* at 331-32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322-24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential

first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[23] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[24] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[25] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[26] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for

---

element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

[23] *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

[24] *Celotex*, 477 U.S. at 332.

[25] *Id* at 332-33.

[26] *Id.* at 332-33 n.3.

trial."[27]

Still, "unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[28]

## LAW AND ANALYSIS

**I.    Defendant is entitled to summary judgment on Plaintiff's negligence claim.**

Because Plaintiff alleges that he was a seaman injured on board a vessel at sea, his claims against Defendant arise under the general maritime law.[29] To recover under general maritime law for negligence, the plaintiff must prove: (1) there was a duty owed by the defendant to the plaintiff, (2) there was a breach of duty, (3) the plaintiff sustained an injury, and (4) there is a causal connection between the breach of duty and the injury.[30] In *Matter of Savage Inland Marine, LLC*, the United States District Court for the Eastern District of Texas found that a defendant entity which did not have any personnel working on a vessel and that was not involved in the operation of the vessel owed no duty to a plaintiff injured in an accident on that vessel.[31] Similarly, in *Bolden v. Offshore Exp., Inc.*, this Court dismissed a negligence claim  against a third party vessel owner when the

---

[27] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.
[28] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 n.7 (5th Cir. 1992)).
[29] *Matter of Savage Inland Marine, LLC*, 539 F. Supp. 3d 629, 647 (E.D. Tex. 2021).
[30] *Id.*
[31] 539 F. Supp. 3d 629, 651 (E.D. Tex. 2021)( "[Defendant] had no crew present on board the EMS 368 at the time or place of the Incident, and [Defendant] was not participating in the operation to resecure the Savage Fleet at the time of the Incident. [Defendant] was not even aware of Wood's injuries until Savage provided notice of its limitation action six months after the incident. Thus, [Defendant] was a non-present, non-actor and owed no duty. . .").

owner did not employ the plaintiff and did not supervise, direct, or control any of the work on the platform where the plaintiff's injury occurred.[32]

In this case, Defendant did not own, charter, or operate the LONE STAR.[33] Moreover, Defendant and its sole employee were not involved in the LONE STAR's, Hydril's, or Plaintiff's operations at the time of the incident.[34] As it is undisputed that Defendant played no role in the activities or operations of the vessel where Plaintiff suffered his injuries, Defendant did not owe a duty to Plaintiff, and the Court will dismiss Plaintiff's negligence claim against it.[35]

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.[36] Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 7th day of April, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[32] No. 91-2160, 1992 WL 275417, at *1-2 (E.D. La. May 8, 1992).
[33] R. Doc. 22-2 at ¶ ¶ 7-9.
[34] *Id.*
[35] The only other possible basis under which Plaintiff could assert a claim against Defendant would be under an alter ego theory of liability. However, Plaintiff has not alleged an alter ego theory of liability in his complaint, nor has he pleaded any facts that could possibly state an alter ego claim.
[36] R. Doc. 22.